IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KATHY L. TURNER                                                    PLAINTIFF

v.                         CIVIL NO. 12-5091

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff. Kathy L. Turner, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on August 13, 2008, and May 6, 2009, respectively, alleging an inability to work since July 1, 2002, due to rheumatoid arthritis, high blood pressure, and thyroid disease. (Tr. 146, 181). For DIB purposes, Plaintiff maintained insured status through June 30, 2007. (Tr. 14). An administrative hearing was held on June 2, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 44-73).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated July 26, 2010, the ALJ found Plaintiff was not disabled prior to June 30, 2007, but that Plaintiff became disabled on January 6, 2010, and remained disabled through the date of the decision. (Tr.14). The ALJ found that since the alleged onset date of July 1, 2002, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: rheumatoid arthritis and hypertension. However, after reviewing all of the evidence presented, he determined that since the alleged onset date, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17-18). The ALJ found that, prior to January 6, 2010, Plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 17). The ALJ with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled prior to January 6, 2010. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council. By letter dated March 19, 2012, the Appeals Council adjusted Plaintiff's onset date for her SSI benefits to May 6, 2009, the date of her SSI application. (Tr. 337-344). By separate letter dated March 19, 2012, the Appeals Council denied Plaintiff's request for review of the ALJ's decision regarding her application for DIB. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11,12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ improperly determined Plaintiff's RFC; and 2) Plaintiff cannot perform the jobs identified at step five.

**A.   Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2007. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of July 1, 2002, her alleged onset date of disability, through June 30, 2007, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically

determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). The medical evidence of Plaintiff's condition subsequent to the expiration of Plaintiff's insured status is relevant only to the extent it helps establish Plaintiff's condition before the expiration. Id. at 1169.

### B.     The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In determining that Plaintiff maintained the RFC to perform light work during the relevant time period, the ALJ considered the medical assessments of the non-examining agency medical consultants; Plaintiff's subjective complaints; and her medical records. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument

is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform light work is also supported by the fact that the medical evidence, for the relevant time period, does not indicate that Plaintiff's examining physicians placed restrictions on her activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

    **C.**    **Use of the Medical Vocational Guidelines (Grids):**

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of light work during the relevant time period, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for light work, Plaintiff was not disabled.

### D. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility findings for the relevant time period.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 14th day of August, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE